**152**

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff

v.

MUNICIPAL SIGNAL & SUPPLY COMPANY, Defendant.

Civ. A. No. 59–505.

· United States District Court
D. Massachusetts.

Feb. 10, 1960.

Thomas L. Thistle, Reg. Atty., Albert H. Ross, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Joseph P. Rooney, John B. Pierce, Jr., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The Secretary of Labor brought this action under Section 16(c) of the Fair Labor Standards Act of 1938, as amend-

ed, 29 U.S.C.A. § 216(c), to recover unpaid overtime compensation allegedly due to four former employees of the defendant as follows:

| | | |
|---|---|---|
| Bennie DeBellis | June 23, 1957—March 24, 1959 | $339.61 |
| Frank DeBellis | June 23, 1957—January 20, 1959 | $316.35 |
| John Koval, Sr. | June 23, 1957—March 24, 1959 | $429.90 |
| Nunzio Imbrescia | June 23, 1957—March 21, 1959 | $297.10 |

The parties have stipulated the following are the legal issues to be decided: (1) Whether employees are within the coverage of the Act; that is, whether they were "engaged in commerce or in the production of goods for commerce", 29 U.S.C.A. § 207; and (2) whether they are exempted from the overtime provisions of the Act on the ground that they were employed by a retail or service establishment as defined in Section 13(a) (2), 29 U.S.C.A. § 213(a) (2).

The defendant is engaged in the sale, installation, and service of traffic signals. The work of the employees in question consisted of building wooden forms at the defendant's shop, driving them to the site, excavating at the site, pouring cement into the forms for the base of the standard, and installing the light thereon. Occasionally they also had to dig a trench across the street to lay the necessary conduits and subsequently repave the street. In bad weather they worked at the shop building forms as mentioned above, getting lights ready and unloading trucks. During the period in issue they placed traffic signals at the following locations:

Revere Beach Parkway (Route 1A)
McCrath Highway (Routes 1, 28, 38)
Storrow Drive (Route C–1)
Mattapan (Route 138)
Neponset Circle
Main Street in Melrose
Broadway in Everett
A street or streets in Marblehead

On the question of coverage, the parties agree that the test is whether "the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity". Mitchell v. C. W. Vollmer & Co., 1955, 349 U.S. 427, 75 S.Ct. 860, 862, 99 L.Ed. 1196. But the parties disagree as to its application in this case.

The evidence was that all but one of the streets in question were used by mail trucks for the transportation of mail, that a substantial number of cars with foreign license plates had been observed on the Revere Beach Parkway, and that Routes 1, 1A, C–1, and 138, Neponset Circle, and Broadway in Everett connect with major interstate highways. There was no evidence, however, to show that the street or streets in Marblehead carried anything other than strictly local traffic, and I therefore find that with the exception of the street or streets in Marblehead, the roads at which these employees worked are instrumentalities of interstate commerce. I further find that traffic signals are necessary to the smooth flow of traffic and that their installation is in aid of commerce, and that the work performed by these employees is covered by the Act. On similar facts coverage was found in Mitchell v. Traffic Controls Corp., 37 Labor Cases, para. 65, 484 (D.C.Md., 1959).

Section 13(a) (2) provides that the minimum wage and overtime requirements of the Act shall not apply to employees employed by a "retail or service establishment, more than 50% of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located". The statute defines a retail establishment as one "75 per centum of whose annual dollar volume of sales of goods or services (or of both) is

not for resale and is recognized as retail sales or services in the particular industry". On this issue the defendant has the burden of proof.

 The parties stipulated that during the relevant period 53.9% of the defendant's gross bills were to the Commonwealth of Massachusetts and to cities and towns; the remainder, 46.1% were to other customers. The defendant's treasurer, Mr. Felch, testified that only 7.8% of the defendant's total dollar volume was for resale[1], that 89% was for sale within the Commonwealth and that the sales to the state, cities, and towns are recognized as retail sales in the industry.

While the defendant quite clearly meets the first requirement of the exemption provision, that more than 50% of its annual dollar volume of sales be made within the state, I cannot find that it fits the statutory definition of "retail establishment". First, although Mr. Felch testified that only 7.8% of the defendant's sales were for resale, there was evidence that a substantial portion of its sales to "other customers" was to general contractors for installations which were subsequently turned over to a state or municipal agency. Since these contractors are not the ultimate purchasers in this chain, the sales to them are clearly sales for resale. The evidence or stipulation did not include a breakdown of sales to "other customers", and I can therefore accept as sales which are not for resale only those made directly to the state and municipalities—53.9%—which falls far short of the statutory requirement of 75%.

Second, the defendant has not met the burden of proving that 75% of its sales are recognized as retail sales in the industry. Even if I accept at face value Mr. Felch's testimony that sales to the state, cities, and towns are considered retail sales, as the figures above indicate, these sales do not comprise a sufficiently large percentage of the defendant's gross business to bring it within the definition of Section 13(a) (2).

From the foregoing I conclude and rule that the employees listed above were engaged in commerce and are covered by Section 7 of the Act, and that the defendant has not met the burden of proving that it is exempted therefrom. Judgment may be entered for the plaintiff in the amount stipulated without costs.

---

1. Nearly all of these sales were to competitors.